MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOSE PEDRO CONDO, *individually and on*
*behalf of others similarly situated,*

<table>
<tr><td align="center">*Plaintiff*,</td><td align="center">**COMPLAINT**</td></tr>
<tr><td align="center">-against-</td><td></td></tr>
<tr><td></td><td align="center">**COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)**</td></tr>
<tr><td>VIDHAN BHATT INC.  (D/B/A AAHAR<br>INDIAN CUISINE), BOMBAY'S INDIAN<br>CUISINE INC.  (D/B/A BOMBAY'S INDIAN<br>CUISINE), PRASHANT BHATT, and<br>SONAL VYAS,</td><td align="center">**ECF Case**</td></tr>
<tr><td align="center">*Defendants.*</td><td></td></tr>
</table>

-------------------------------------------------------X

Plaintiff Jose Pedro Condo ("Plaintiff Condo" or "Mr. Condo"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Vidhan Bhatt Inc. (d/b/a Aahar Indian Cuisine), Bombay's Indian Cuisine Inc. (d/b/a Bombay's Indian Cuisine), ("Defendant Corporations"), Prashant Bhatt and Sonal Vyas, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Plaintiff Condo is a former employee of Defendants Vidhan Bhatt Inc.  (d/b/a Aahar Indian Cuisine), Bombay's Indian Cuisine Inc. (d/b/a Bombay's Indian Cuisine), Prashant Bhatt, and Sonal Vyas.

2.      Defendants own, operate, or control two Indian Restaurants, located at 10 Murray Street, New York, NY 10007 under the name "Aahar Indian Cuisine" and at 60 Pearl Street, New York, NY 10004 under the name "Bombay's Indian Cuisine".

3.      Upon information and belief, individual Defendants Prashant Bhatt and Sonal Vyas, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Condo was employed as a delivery worker at the restaurants located at 10 Murray Street, New York, NY 10007 and 60 Pearl Street, New York, NY 10004.

5.      At all times relevant to this Complaint, Plaintiff Condo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Condo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Condo the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Condo wages on a timely basis.

9.      Defendants employed and accounted for Plaintiff Condo as a delivery worker in their payroll.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Condo at a rate that was lower than the required tip-credit rate.

11.     Upon information and belief, Defendants employed the policy and practice of

disguising Plaintiff Condo's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Condo at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

12.     Defendants' conduct extended beyond Plaintiff Condo to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Condo and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiff Condo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiff Condo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Condo's state law claims under 28 U.S.C. § 1367(a).

17.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Indian Restaurants located in this district. Further, Plaintiff Condo was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

18.     Plaintiff Jose Pedro Condo ("Plaintiff Condo" or "Mr. Condo") is an adult individual residing in Queens County, New York.

19.     Plaintiff Condo was employed by Defendants at Aahar Indian Cuisine and Bombay's from approximately March 2019 until on or about August 20, 2020.

20.     Plaintiff Condo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

21.     At all relevant times, Defendants owned, operated, or controlled two Indian Restaurants, located at 10 Murray Street, New York, NY 10007 under the name "Aahar Indian Cuisine" and at 60 Pearl Street, New York, NY 10004 under the name "Bombay's Indian Cuisine".

22.    Upon information and belief, Vidhan Bhatt Inc.  (d/b/a Aahar Indian Cuisine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 10 Murray Street, New York, NY 10007.

23.    Upon information and belief, Bombay's Indian Cuisine Inc. (d/b/a Bombay's Indian Cuisine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 60 Pearl Street, New York, NY 10004.

24.    Defendant Prashant Bhatt is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Prashant Bhatt is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Prashant Bhatt possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Condo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Sonal Vyas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sonal Vyas is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sonal Vyas possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Condo, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

26.    Defendants operate two Indian restaurants located in the Tribeca and SouthEast section of lower Manhattan in New York City.

27.    Individual Defendants, Prashant Bhatt and Sonal Vyas, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Condo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Condo, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Condo (and all similarly situated employees) and are Plaintiff Condo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Condo and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants Prashant Bhatt and Sonal Vyas operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Condo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Condo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Condo's services.

34.    In each year from 2019 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Condo is a former employee of Defendants who was employed as a delivery worker.

37.     Plaintiff Condo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Pedro Condo*

38.     Plaintiff Condo was employed by Defendants from approximately March 2019 until on or about August 20, 2020.

39.     Defendants employed Plaintiff Condo as a delivery worker.

40.     Plaintiff Condo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.     Plaintiff Condo's work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Condo regularly worked in excess of 40 hours per week.

43.     From approximately March 2019 until on or about March 2020, Plaintiff Condo worked at the Aahar Indian Cuisine location from approximately 5:00 p.m. until on or about 10:00 p.m., 4 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., 2 days a week (typically 42 hours per week).

44.     From approximately April 2020 until on or about August 20, 2020, Plaintiff Condo worked at the Bombay's location from approximately 11:00 a.m. until on or about 10:00 p.m., 1 day

a week and at the Aaahar Indian Cuisine location from approximately 11:00 a.m. until on or about 10:00 p.m., 4 days a week (typically 55 hours per week).

45.    From approximately March 2019 until on or about December 31, 2019, Defendants paid Plaintiff Condo his wages in cash.

46.    From approximately January 2020 until on or about March 2020 and from approximately April 2020 until on or about August 20, 2020, Defendants paid Plaintiff Condo his wages by check.

47.    From approximately March 2019 until on or about December 31, 2019, Defendants paid Plaintiff Condo $7.50 per hour.

48.    From approximately January 2020 until on or about March 2020 and from approximately April 2020 until on or about August 20, 2020, Defendants paid Plaintiff Condo $10.00 per hour.

49.    From approximately August 18, 2020 until on or about August 20, 2020, Defendants did not pay Plaintiff Condo any wages for his work.

50.    Plaintiff Condo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.    For example, Defendants required Plaintiff Condo to work an additional 1 hour past his scheduled departure time one day a week, and did not pay him for the additional time he worked.

52.    Plaintiff Condo was never notified by Defendants that his tips were being included as an offset for wages.

53.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Condo's wages.

54.     Plaintiff Condo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.     On a number of occasions, Defendants required Plaintiff Condo to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Condo regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Condo an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Condo, in English and in Spanish (Plaintiff Condo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Condo to purchase "tools of the trade" with his own funds—including one electric bike, one helmet, two bike chain locks and one vest per month.

*Defendants' General Employment Practices*

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Condo (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

61.     Plaintiff Condo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

62.     Defendants' pay practices resulted in Plaintiff Condo not receiving payment for all his hours worked, and resulted in Plaintiff Condo's effective rate of pay falling below the required minimum wage rate.

63.     Defendants habitually required Plaintiff Condo to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

64.     Plaintiff Condo and all similarly situated employees, ostensibly were employed as tipped employees by Defendants.

65.     Plaintiff Condo and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

66.     In violation of federal and state law as codified above, Defendants classified Plaintiff Condo and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

67.     Defendants failed to inform Plaintiff Condo who received tips that Defendants intended to take a deduction against Plaintiff Condo's earned wages for tip income, as required by the NYLL before any deduction may be taken.

68.     Defendants failed to inform Plaintiff Condo who received tips, that his tips were being credited towards the payment of the minimum wage.

69.     Defendants failed to maintain a record of tips earned by Plaintiff Condo who worked as a delivery worker for the tips he received.

70.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

71.     On a number of occasions, Defendants required Plaintiff Condo to sign a document the contents of which he was not allowed to review in detail.

72.     Defendants paid Plaintiff Condo his wages in a combination of check and cash.

73.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

74.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Condo (and similarly situated individuals) worked, and to avoid paying Plaintiff Condo properly for his full hours worked.

75.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

76.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Condo and other similarly situated former workers.

77.     Defendants failed to provide Plaintiff  Condo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

78.     Defendants failed to provide Plaintiff Condo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

79.     Plaintiff Condo brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

80.     At all relevant times, Plaintiff Condo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

81.     The claims of Plaintiff Condo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

82.    Plaintiff Condo repeats and realleges all paragraphs above as though fully set forth herein.

83.    At all times relevant to this action, Defendants were Plaintiff Condo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Condo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

84.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

86.    Defendants failed to pay Plaintiff Condo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

87.    Defendants' failure to pay Plaintiff Condo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

88.    Plaintiff Condo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

89.    Plaintiff Condo repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Condo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91.     Defendants' failure to pay Plaintiff Condo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

92.     Plaintiff Condo (and the FLSA Class members)were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

93.      Plaintiff Condo repeats and realleges all paragraphs above as though fully set forth herein.

94.     At all times relevant to this action, Defendants were Plaintiff Condo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Condo, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

95.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Condo less than the minimum wage.

96.     Defendants' failure to pay Plaintiff Condo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

97.     Plaintiff Condo was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

98.     Plaintiff Condo repeats and realleges all paragraphs above as though fully set forth herein.

99.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Condo  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.     Defendants' failure to pay Plaintiff Condo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

101.     Plaintiff Condo was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

102.      Plaintiff Condo repeats and realleges all paragraphs above as though fully set forth herein.

103.     Defendants failed to pay Plaintiff Condo one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Condo's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

104.     Defendants' failure to pay Plaintiff Condo an additional hour's pay for each day PlaintiffCondo's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

105.     Plaintiff Condo was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

106.      Plaintiff Condo repeats and realleges all paragraphs above as though fully set forth herein.

107.      Defendants failed to provide Plaintiff Condo with a written notice, in English and in Spanish (Plaintiff Condo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

108.      Defendants are liable to Plaintiff Condo in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

109.      Plaintiff Condo repeats and realleges all paragraphs above as though fully set forth herein.

110.      With each payment of wages, Defendants failed to provide Plaintiff Condo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

111.    Defendants are liable to Plaintiff Condo in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

112.     Plaintiff Condo repeats and realleges all paragraphs above as though fully set forth herein.

113.    Defendants required Plaintiff Condo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform  his job, further reducing  his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

114.    Plaintiff Condo was damaged in an amount to be determined at trial.


## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

115.     Plaintiff Condo repeats and realleges all paragraphs above as though set forth fully herein.

116.    Defendants did not pay Plaintiff Condo on a regular weekly basis, in violation of NYLL §191.

117.    Defendants are liable to Plaintiff Condo in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Condo respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Condo and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Condo and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Condo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Condo and the FLSA Class members;

(f)     Awarding Plaintiff Condo and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Condo and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Condo;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Condo;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Condo;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Condo;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Condo's compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Condo;

(n)    Awarding Plaintiff Condo damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiff Condo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Condo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Condo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Condo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Condo demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

September 21, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 3, 2020

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                              Jose Pedro Condo

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:                            Jose Cando

Date / Fecha:                                    3 de Septiembre 2020

*Certified as a minority-owned business in the State of New York*